77 N.J. Super. 248 (1962)
186 A.2d 120
CITY OF ENGLEWOOD, PLAINTIFF-APPELLANT,
v.
GEO. M. BREWSTER & SON, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1962.
Decided November 28, 1962.
*249 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. LeRoy B. Huckin argued the cause for appellant.
Mr. Charles Rodgers argued the cause for respondent (Messrs. Breslin and Breslin, attorneys).
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant was convicted in the Municipal Court of Englewood of making "unreasonably loud, disturbing and unnecessary noise" in violation of a municipal ordinance, and fined. It appealed. The Bergen County Court reviewed the transcript of the trial before the magistrate, pursuant to R.R. 3:10-10, and found the defendant not guilty. Englewood then took this appeal.
Defendant moves to dismiss the appeal upon the ground that Englewood has no right to appeal from an acquittal, citing City of Newark v. Pulverman, 12 N.J. 105 (1953), and State v. Fiore, 69 N.J. Super. 122 (App. Div. 1961), certification denied, 36 N.J. 142 (1961).
*250 Englewood argues that those cases do not apply because defendant here is a corporation. Its argument may be summarized as follows: the foundation of those cases is the prohibition against double jeopardy contained in Art. I, par. 11, Const. of 1947, which provides that no "person shall, after acquittal, be tried for the same offense"; defendant is a corporation and not a "person" within the meaning of that provision; therefore it is not entitled to that protection.
Englewood cites no case which so holds, and we know of none. See, on the other hand, State v. Pennsylvania Railroad Co., 9 N.J. 194 (1952) and Board of Health, Hillsdale Borough v. Tandy & Allen, 29 N.J. Super. 61 (Law Div. 1953). In any event, we find that the holding in City of Newark v. Pulverman, supra, is not based upon the cited constitutional provision but upon the absence of any provision in the rules allowing a municipality or the State to appeal in cases such as this. As Professor Robert E. Knowlton said in 8 Rutgers L. Rev., at p. 88 (1954), "The opinion contains an interesting discussion as to whether an appeal by the state after acquittal would constitute double jeopardy, but expressly did not rule upon the question." See also Moran, "The Future of the Criminal Law," 11 Rutgers L. Rev. 549, 572-579 (1957).
Englewood argues that because a corporation may only be fined and cannot be imprisoned, this should be deemed a civil proceeding and appealable by the municipality, even though the ordinance provides for fine or imprisonment. But in Pulverman the Supreme Court said (12 N.J., at p. 114),
"* * * it has become well established that proceedings in municipal courts for violations of ordinances * * * are to be governed by the Rules Governing Practice in the Local Criminal Courts, and that appeals therein are to be governed by the Rules Governing Criminal Practice, particularly Rule 2:11 which relates expressly to reviews of judgments in criminal causes in inferior courts of limited jurisdiction. See State v. Yaccarino, 3 N.J. 291, 295 (1949); Hill v. Borough of Collingswood, 9 N.J. 369, 378 (1952); Board of Health, Weehawken Tp. v. N.Y. Central R. Co., 10 N.J. 294, 299 (1952). *251 * * * [I]n the * * * N.Y. Central R. Co. case the court reaffirmed the Yaccarino doctrine and pointed out that appeal from a conviction for violation of Weehawken's ordinance to regulate and control air pollution should have been taken under Rule 2:11."
The rules relied upon in Pulverman have not been changed, except in numbering. Rule 2:11(h) (5) is now R.R. 3:10-10(e), and Rule 2:11(i) is R.R. 3:10-11. These rules still do not give a municipality or the State the right to appeal in a case such as this, regardless of whether the defendant is an individual or a corporation.
For the foregoing reasons the appeal is dismissed. No costs.