UNITED STATES of America, Plaintiff-Appellant,

v.

MARTIN LINEN SUPPLY CO., and Texas Sanitary Towel Supply Corp., Defendants-Appellees.

No. 75–2322.

United States Court of Appeals, Fifth Circuit.

June 21, 1976.

Carl D. Lawson, Dept. of Justice, Antitrust Div., Washington, D. C., for plaintiff-appellant.

Roy R. Barrera, J. Burleson Smith, San Antonio, Tex., Mervin C. Pollak, New York City, for defendants-appellees.

Before GOLDBERG, DYER and SIMPSON, Circuit Judges.

GOLDBERG, Circuit Judge.

■■■ The United States appeals to this Court under the provisions of 18 U.S.C. § 3731[1] from the district court's order granting directed verdicts of acquittal to defendant-appellees Martin Linen Supply Company (Martin Linen) and Texas Sanitary Towel Supply Corporation (Texas Sanitary Towel), after a trial by jury on criminal contempt charges that resulted in a hung jury.[2] Section 3731 allows the Government to appeal from any decision dismissing an indictment or information except where the double jeopardy clause of the Constitution prohibits further prosecu-

---

1. Section 3731 provides in pertinent part:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

2. The Government brought the criminal contempt proceeding to enforce the terms of an antitrust consent decree that had been entered on June 2, 1969. Martin Linen and Texas Sanitary Towel had been charged in a civil complaint with violating section 1 of the Sherman Act, 15 U.S.C. § 1.

tion.[3] Because we find that the double jeopardy clause would bar further prosecution in this case, we dismiss the appeal for lack of appellate jurisdiction.

Appellees' contempt trial began on February 18, 1975. Three days later, on February 21, 1975, the jury returned a verdict of not guilty as to William B. Troy, an individual defendant whose case is not before us. At the same time, the jury informed the court that it was unable to agree on a verdict as to Martin Linen and Texas Sanitary Towel. The court then excused the jurors and declared a mistrial.

After the jurors had departed, the court indicated that it would entertain a motion for directed verdict of acquittal as to Martin Linen and Texas Sanitary Towel, making the following observations:

I'll be frank with you, gentlemen. I almost instructed a verdict for all Defendants in this case. I almost granted a judgment for the Defendants. I think this is one of the weakest—I'm saying you did a very creditable job with what you had, Mr. Sonnett [Government attorney]. I have seen some contempt cases, but this is without a doubt the weakest I've ever seen.

The judge's next comments revealed his opinion that certain parts of the consent decree were undesirable, in that they placed the companies at a competitive disadvantage. Responding to the court's invitation, the two corporate defendants filed motions for judgments of acquittal on February 27,

1975. The Government filed a memorandum in opposition to the motions. On April 22, 1975, the court granted the motions and entered judgments of acquittal for both defendants.[4] From the order the Government noticed its appeal.

Federal Rule of Criminal Procedure 29(c) permits the court to entertain a timely motion for acquittal after the jury is discharged:

If the jury returns a verdict of guilty *or is discharged without having returned a verdict*, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. *If no verdict is returned the court may enter judgment of acquittal.* It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury. (Emphasis added.)

The procedure followed in the case before us comported with the requirements of Rule 29(c). The jury was discharged without having returned a verdict; defendants filed their motions for judgments of acquittal within 7 days after the discharge of the jury; and the court entered judgments of acquittal. For the purposes of appellate review, therefore, this is not a case in which the standard governing retrial after a mistrial governs,[5] despite the Government's ef-

---

**3.** Because the Supreme Court has focussed on the effect of the ruling sought to be appealed rather than the label placed on the order, we too attach no significance to the fact that the district court here called its order an "acquittal" and not the "dismissal of the indictment." *See, e. g., United States v. Wilson,*, 1975, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232.

**4.** Both judgments of acquittal recited that the motions were timely made and that "after considering all of the evidence adduced on the trial [of the charges] and all of said motions filed herein having been carefully considered by the Court, the Court finds that the grounds set forth in that Motion are good and valid and that the Government has failed to prove the material allegations beyond a reasonable

doubt; that further this defendant should be found 'not guilty'." In light of this formal finding by the court, we think that the judge's comments regarding his personal opinion of the consent decree are irrelevant.

**5.** A new trial is proper after a mistrial in cases where "there is a manifest necessity for the act [of declaring a mistrial], or the ends of public justice would otherwise be defeated." *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824). *See United States v. Kessler,* 5 Cir. 1976, 530 F.2d 1246 [Decided May 3, 1976]; *United States v. Gordy,* 5 Cir. 1976, 526 F.2d 631, 635.

At the trial court level, a two-fold inquiry would be necessary in a case in which the jury was unable to reach a verdict and a timely

forts to make it so.[6]  As the Supreme Court said in *United States v. Jenkins*, 1975, 420 U.S. 358, 365, 95 S.Ct. 1006, 1011, 43 L.Ed.2d 250, 256 n. 7:

> [W]e think it is of critical importance whether the proceedings in the trial court terminate in a mistrial as they did in the Somerville line of cases [*Illinois v. Somerville*, 410 U.S. 458 (1973)], or in the defendant's favor, as they did here.

*Cf. United States v. Wilson*, 1975, 420 U.S. 332, 348, 95 S.Ct. 1013, 1024, 43 L.Ed.2d 232, 244 (although retrial after mistrial sometimes permissible if no verdict or judgment entered, verdict of acquittal forecloses retrial and thus bars appellate review).  Since the proceedings here terminated in the defendant's favor, we must decide whether this is a case in which the Government may appeal after a directed verdict of acquittal.

The language of section 3731 makes appealability dependent on another question: would the double jeopardy clause of the Constitution bar further proceedings under these circumstances?  Congress deliberately chose to make the Government's right to appeal as broad as the Constitution would permit when it passed Title III of the Omnibus Crime Control Act of 1970, Pub.L. 91–644, in which the present version of 18 U.S.C. § 3731 appeared.  Recently the Supreme Court discussed the scope of amended section 3731 in three cases: *Serfass v. United States*, 1975, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265; *United States v. Jen-*

kins, 1975, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250; and *United States v. Wilson*, 1975, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232.  *Serfass* stressed the necessity of a finding that jeopardy has attached as a prerequisite to the applicability of the double jeopardy clause.  That requirement is certainly satisfied in the case before us; not only was a jury empaneled and sworn, but it actually heard all the evidence both sides had to offer.

*Jenkins* stated the general rule for appealability as follows:

> But it is enough for purposes of the Double Jeopardy Clause, and therefore for the determination of appealability under 18 U.S.C. § 3731, that further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged, would have been required upon reversal and remand.

420 U.S. at 370, 95 S.Ct. at 1013, 43 L.Ed.2d at 259 (per Rehnquist, J.).  If such additional proceedings would be required, then the double jeopardy clause forbids appeal by the Government.  In the case of a mistrial followed by a timely motion for acquittal under Rule 29(c), F.R.Crim.P., which motion is granted, further proceedings devoted to the resolution of factual issues would necessarily follow a successful appeal by the Government.  This distinguishes the situation where an acquittal follows a mistrial from the situation presented in *Wilson*,

---

motion was made under Rule 29(c).  First, the district judge would have to weigh the evidence to see if it would have been sufficient to submit to the jury.  *See United States v. Martinez*, 5 Cir. 1973, 486 F.2d 15, 23.  Only if he decided this question in favor of submission would he reach the second inquiry, which would be whether a second trial should be permitted after the mistrial, applying the *Perez* standard.

**6.**  The Government argues that its right to insist on a jury trial would be abridged if this Court views the proceedings below as if they were the result of a bench trial.  This assertion ignores, however, the fact that whether the trial is to a jury or to the court, if the evidence is deemed insufficient to support a verdict or finding of guilty the court must grant a directed verdict of acquittal.  *United States v. Martinez*, 5 Cir. 1973, 486 F.2d 15, 23.

Furthermore, the Supreme Court clearly rejected any distinction between bench and jury trials in *United States v. Jenkins*, 1975, 420 U.S. 358, 366, 95 S.Ct. 1006, 1011, 43 L.Ed.2d 250, 257.  The Government's argument that an appeal would have been permitted in *Jenkins* if the district judge had made *all* findings of fact in the Government's favor and had entered judgment for the defendant as a matter of law relies on the wrong analogy.  The case it poses is analogous to a jury verdict of guilty followed by a court-directed judgment of acquittal, a situation in which the Government admittedly can appeal.  *United States v. Wilson*, 1975, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232; *United States v. Cravero*, 5 Cir. 1976, 530 F.2d 666.  A mistrial followed by a directed verdict of acquittal is, in our opinion, quite a different case.

where an acquittal came after a guilty verdict, since in the latter case no further proceedings would follow a successful appeal. The *Jenkins* standard thus leads inescapably to the conclusion that no appeal lies from the directed verdict ordered by the court below.

The Government's last effort to avoid dismissal of the appeal relies on the Supreme Court's action in relation to *United States v. Sanford*, 9 Cir. 1974, 503 F.2d 291. In that case, an indictment had been returned against the defendants and the case was tried in February 1973. That trial resulted in a hung jury and a mistrial. Prior to the retrial, defendants moved to dismiss the indictment. Relying on the evidence adduced at the first trial, the district judge granted the motion. The Ninth Circuit dismissed the Government's appeal, but its decision was vacated and remanded by the Supreme Court for further consideration in light of *Serfass*. *United States v. Sanford*, 1975, 421 U.S. 996, 95 S.Ct. 2392, 44 L.Ed.2d 663.

The Supreme Court's remand of *Sanford* can be reconciled easily with our conclusion that *Jenkins* requires us to dismiss the instant appeal. Prior to *Serfass*, cases such as *United States v. Sisson*, 1970, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608, had indicated that appeals from acquittals based on facts external to the indictment might be barred by the double jeopardy clause. The *Wilson* court, however, read *Sisson* as narrowly as possible, and indicated that the result might be different under the amended section 3731. *Serfass* held that the Government could appeal from a pretrial dismissal of an indictment, since at that time jeopardy had not attached. Since the time for a Rule 29(c) motion had apparently long since elapsed in *Sanford*, the case no longer fell into the category of a mistrial followed by a timely acquittal. Rather, the district court's order was simply a pretrial dismissal, and as such was subject to the *Serfass* decision's rule. In the case before us, in contrast, the acquittal occurred while the original trial court still had jurisdiction over the whole case, in accordance with the Federal Rules of Criminal Procedure. We

therefore reject the Government's suggestions that the Supreme Court's action in *Sanford* requires us to find appellate jurisdiction here.

For the reasons stated above, we conclude that this Court has no jurisdiction over the Government's appeal.

APPEAL DISMISSED.