**UNITED STATES of America,
Plaintiff, Appellant,**

v.

**HOSPITAL MONTEFLORES, INC.,
Defendant, Appellee.**

**No. 77–1377.**

United States Court of Appeals,
First Circuit.

Argued Feb. 13, 1978.
Decided May 17, 1978.

Frank H. Easterbrook, Asst. Sol. Gen., Dept. of Justice, Washington, D. C., with whom Julio Morales Sanchez, U. S. Atty., San Juan, P. R., and Andrew L. Frey, Deputy Sol. Gen., Washington, D. C., were on brief, for plaintiff, appellant.

Harvey B. Nachman, Santurce, P. R., for defendant, appellee.

Before COFFIN, Chief Judge, MOORE,* Senior Circuit Judge, and CAMPBELL, Circuit Judge.

* Of the Second Circuit, sitting by designation.

1. It is clear to us that, though labelled a dismissal of the indictment, the court's order was a judgment of acquittal since it "actually represent[ed] a resolution, correct or not, of some or all of the factual elements of the offense charged", *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 570, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977). The court based its decision on consideration of the evidence, *see United States v. Sisson,* 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970), and concluded that whether or not the government's proof might make out some illegality, it did not make out the illegality charged. Jeopardy had attached. Therefore, if the corporation is protected by the Double Jeopardy Clause, it may not be retried.

COFFIN, Chief Judge.

Hospital Monteflores and its medical director were indicted on three counts of making false statements on Medicare reimbursement forms. 18 U.S.C. § 1001. The trial was before a jury. At the end of the prosecution's case, which lasted approximately three weeks, the defendants moved for a judgment of acquittal, or alternatively for dismissal of the indictment. The district court ruled that the proof did not correspond to the indictment and that "[t]herefore I have no other alternative under the evidence presented to dismiss the indictment in all its three counts."

■ The government now seeks to appeal this action as against the corporate defendant. The government concedes that its appeal can go forward only if the Double Jeopardy Clause of the Fifth Amendment would permit a new trial. 18 U.S.C. § 3731.[1] It has not pursued an appeal against the individual defendant, but argues that the appeal as to the corporation can proceed because the Double Jeopardy Clause does not protect corporations. This is the first issue we must face.

The authority against the government's position is widespread and unanimous. The Supreme Court has twice accorded the protection of the Double Jeopardy Clause to corporations. In *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977), the Court held that § 3731 barred an appeal from a directed verdict of acquittal in favor of the corporate defendants. In *Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962), the Court held that the Clause barred entry of a writ of mandamus that would require retrying one corporate and two individual defendants. The Court did not explicitly address the question whether

the Clause protects corporations in either case, but at least in *Fong Foo* the issue had been raised for the Court's consideration by the petitioner's brief. *See United States v. Security National Bank,* 546 F.2d 492, 493 (2d Cir. 1976). In two other cases the Court considered corporations' double jeopardy claims on the merits before rejecting those claims. *Rex Trailer Co., Inc. v. United States,* 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149 (1956); *American Tobacco Co. v. United States,* 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575 (1946). Finally, the Court, deciding that prosecution under Puerto Rico's local antitrust act was not pre-empted by the Sherman Act, considered it important that the corporation did not face the danger of double prosecution since Puerto Rico and the United States were not separate sovereigns for purposes of Double Jeopardy analysis. *Puerto Rico v. The Shell Co. (P.R.), Ltd.,* 302 U.S. 253, 55 S.Ct. 167, 82 L.Ed. 235 (1937).

The same pattern holds true in the lower federal courts. Two courts of appeals and one district court have explicitly held that corporations are protected by the Double Jeopardy Clause. *United States v. Security National Bank, supra, cert. denied,* 430 U.S. 950, 97 S.Ct. 1591, 51 L.Ed.2d 799 (1977); *United States v. Southern Ry. Co.,* 485 F.2d 309 (4th Cir. 1973); *United States v. Armco Steel Corp.,* 252 F.Supp. 364 (S.D.Cal.1966). Two other circuits and five districts have granted corporations the protection of the Double Jeopardy Clause, though without considering whether or not the clause extends to protect corporations. *United States v. Martin Linen Supply Co.,* 534 F.2d 585 (5th Cir. 1976), *aff'd,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 564 (1977); *United States v. Glidden Co.,* 78 F.2d 639 (6th Cir. 1935); *United States v. Cotton,* 1976—1 Trade Cases (CCH) ¶ 60, 726 (W.D.La.1975); *United States v. United States Gypsum Co.,* 404 F.Supp. 619 (D.D.C.1975); *United States v. American Honda Motor Co.,* 273 F.Supp. 810 (N.D.Ill.1967); *United States v. American Honda Motor Co.,* 271 F.Supp.

979 (N.D.Cal.1967); *United States v. H. E. Koontz Creamery, Inc.,* 257 F.Supp. 295 (D.Md.1966). Finally, two more circuits and one district have considered corporations' double jeopardy claims on the merits but rejected them. *United States v. Wilshire Oil Co. of Texas,* 427 F.2d 969 (10th Cir. 1970); *Filmon Process Corp. v. SpellRight Corp.,* 131 U.S.App.D.C. 374, 404 F.2d 1351 (1968); *United States v. American Oil Co.,* 296 F.Supp. 538 (D.N.J.1969).

Against the weight of all this authority the government has not shown us, nor have we found, a single case that has denied a corporation standing to assert a double jeopardy defense. Still the government argues that we should hold to the contrary because the clause ought not apply to corporations, and that we are free to hold to the contrary because the Supreme Court has never expressly considered the issue. We doubt very much that this is an instance of the Court overlooking an issue as to which there are such powerful policy arguments that, if only the issue had been addressed, the result could confidently be predicted. Indeed, our own review of the government's substantive arguments leads us to deem them perhaps interesting but not, finally, persuasive.[2]

The government's principal argument is that the corporation's interests are adequately protected by the principles of *res judicata* and collateral estoppel.[3] This argument ignores practicalities. These principles protect individuals as well, but the Double Jeopardy Clause still applies. The government responds that, unlike individuals, corporations cannot be put in jails and do not "experience the intense human emotions" that justify special protection. The fact is, of course, that double jeopardy protection focuses on the potential or risk of trial rather than of punishment. *Breed v. Jones,* 421 U.S. 519, 532–33, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). Moreover, the clause applies more generally than just to "jeopardy of life or limb", so long as the proceed-

---

**2.** While concurring up to this point and joining in the judgment, Judge Campbell does not necessarily subscribe to the analysis in the remainder of the opinion.

**3.** Similar arguments to those advanced by the government may be found in Note, *Double Jeopardy and Corporations,* 28 Stan.L.Rev. 805 (1976).

ing is "essentially criminal". *Id.* at 528, 95 S.Ct. 1779. Even misdemeanors are within the sweep of this principle, *Ex Parte Lange,* 85 U.S. (18 Wall.) 163, 173, 21 L.Ed. 872 (1873).

It is true that corporations do not have human emotions, but that does not mean that they do not "suffer" during criminal trials in the sense of experiencing harm to a legitimate, protectible interest. We can take judicial notice of the fact that corporate well-being is heavily dependent on that elusive quality known as "good will". A corporation that falls out of favor with society will suffer. Its suffering may be of a different character than an individual's, but that does not make those sufferings any the less real or hazardous. Corporations can lose money, sometimes substantial amounts, as the result of criminal prosecutions. Corporations can be made very insecure by prolonged periods of bad publicity. This insecurity may not be emotional, but it is very real and may affect the corporation's ability to do business with the public or to raise capital on public markets, among other possible ill effects.

Part of the penal sanction is the criminal stigma that attaches to those who are convicted of crimes. Whether the penalty is imprisonment or a fine, the stigma still attaches, and it will attach whether the accused is an individual or a corporation. "No corporation, large or small, can escape the 'incalculable effect' which a conviction may have on the public attitude toward the company." *United States v. Security National Bank,* 546 F.2d 492, 494 (2d Cir. 1976).

To argue that *res judicata* and collateral estoppel are adequate protections is to argue that the Double Jeopardy Clause is superfluous. We do not agree, but, of course, even if we did we could not write it out of the Constitution. Just as individuals will suffer from repeated exposure to criminal sanction, so will corporations. To this it is no answer to respond that we can trust the government to use its power responsibly. We are sure that normally governmental power is not abused, but the guarantees in the Bill of Rights exist precisely to protect the relatively rare victims who suffer when there are abuses. We prefer not to guess how much greater the danger of abuse would be if we were to eliminate constitutional protections. It is enough that such abuses can exist.

For the reasons stated above,[4] we rule that a corporation is entitled to protection against double jeopardy. Since we rule that the Constitution would bar further prosecution of the corporate defendant in this case, *supra,* note 1, this appeal is barred under 18 U.S.C. § 3731.

*Appeal dismissed.*

---

4. We recognize that not all corporations are "industrial giants" able to battle the government on equal terms and that, especially when a corporation is small and closely held, individuals ultimately suffer "the embarrassment, expense, anxiety and insecurity resulting from repeated trials", *United States v. Security National Bank,* 546 F.2d 492, 494 (2d Cir. 1976), but we choose not to rest our opinion on these grounds.