**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert COUNCIL, Jr., Defendant–
Appellant.**

**No. 91–5145.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 3, 1991.

Decided Aug. 10, 1992.

As Amended Sept. 3, 1992.

Order on Rehearing Nov. 5, 1992.

John Lloyd Coble, Murchison, Taylor, Kendrick, Gibson & Davenport, Wilmington, N.C., argued, for defendant-appellant.

Richard Bruce Conely, Asst. U.S. Atty., Raleigh, N.C., argued (Margaret Person Currin, U.S. Atty., Robert D. Potter, Jr., Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.

## OPINION

BUTZNER, Senior Circuit Judge:

In a prosecution against Robert L. Council, Jr., the district court granted Council's motion for a judgment of acquittal on counts eight and twelve of the indictment as a sanction for the prosecutor's violation of Federal Rule of Criminal Procedure 16. At the close of the evidence, it granted a judgment of acquittal of count ten because of multiplicity. The court below declared a mistrial while the jury was considering counts nine and eleven.

After the declaration of mistrial, the government sought to reprosecute on counts eight, nine, eleven, and twelve. It did not seek to reprosecute on count ten. Council moved to dismiss the indictment on double jeopardy grounds. The court found no bar to reprosecution, and Council promptly appealed.

The collateral order exception to the requirement of a final judgment confers appellate jurisdiction. The order is a final decision for the purpose of 28 U.S.C. § 1291. *See Abney v. United States*, 431 U.S. 651, 656–62, 97 S.Ct. 2034, 2038–42, 52 L.Ed.2d 651 (1977).

We conclude that Council can be retried on counts eight and twelve. His plea of double jeopardy bars retrial on counts nine and eleven.

### I

Council learned that his brother-in-law, Clarence, had been arrested for a crime involving hand grenades. Council informed Clarence's wife of the arrest and asked whether Clarence had any other grenades. Upon being told that there might be some in a shed, he removed several grenades, a mine, and other dangerous looking items, telling Clarence's wife that he was taking them away to protect his grandchildren who lived nearby. He

placed them in a hedgerow behind his own home and, according to his testimony, tried unsuccessfully to call his nephew, who was a deputy sheriff, to come and pick them up. Within 30 minutes federal agents came to his house, and he showed them where he had placed the items.

A grand jury indicted Council and his brother-in-law, Clarence. Clarence was charged in the first seven counts and pled guilty to a single count. The grand jury indicted Council on one count of receiving with intent to convert stolen property belonging to the United States in violation of 18 U.S.C. § 641 (count eight), three counts of knowingly receiving and possessing unregistered firearms in violation of 26 U.S.C. §§ 5861(d) and 5871 (counts nine, ten, and eleven), and one count of being an accessory after the fact to Clarence in violation of 18 U.S.C. § 3 (count twelve). Council pled not guilty and requested a jury.

## II

### Counts Eight and Twelve

■ Jeopardy attaches in a jury trial when the jury is empaneled and sworn. *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). This precept is an integral part of the right secured by the Fifth Amendment not to be put in jeopardy twice for the same offense. *Crist v. Bretz*, 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978).

During the course of the trial a government witness testified that Council said he took the items "to help his brother-in-law." The government had not provided this statement to Council as required by rule 16, and Council objected to its admission. The district court observed that the statement was relevant proof of Council's motive. It ruled that motive or intent was relevant to count eight, knowingly receiving stolen property, and count twelve, accessory after the fact. The court also ruled that Council's motive was not relevant to counts nine, ten, and eleven, which charged possession of unregistered firearms.

Initially the court suggested that the government's introduction of Council's statement warranted a mistrial, but the government protested that a mistrial would bar a subsequent prosecution and offered to dismiss counts eight and twelve. The court instructed the jury to disregard the testimony about Council's statement. It told the attorneys that at the conclusion of the government's case it would allow the defendant's motion for a judgment of acquittal as to counts eight and twelve because of the violation of rule 16. At the close of the government's case, it granted Council's motion for a judgment of acquittal of counts eight and twelve. The court based its decision to grant the motion as a sanction for violation of rule 16.

The government concedes that the Fifth Amendment precludes additional proceedings against Council for the same offense if he has been acquitted. *See Fong Foo v. United States*, 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629 (1962). It suggests, however, that the acquittal was in fact a dismissal, in which case retrial would not necessarily constitute double jeopardy.

As noted by the Supreme Court in *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977), "what constitutes an 'acquittal' is not to be controlled by the form of the judge's action." The Court added that in judging whether there has been an acquittal a court "must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." 430 U.S. at 571, 97 S.Ct. at 1354. Circuit courts have employed this reasoning in finding that actions taken by trial courts did not correspond to the labels given them. In *United States v. Appawoo*, 553 F.2d 1242, 1245–46 (10th Cir.1977), for example, the court determined that an "acquittal" was in fact a dismissal because the trial judge based his action on legal issues raised before trial, not on facts developed at trial. Conversely, in *United States v. Hospital Monteflores, Inc.*, 575 F.2d 332, 333 n. 1 (1st Cir.1978), the court treated a "dismissal" as an acquittal where the district court determined, after resolving some of the

factual elements in the case, that the proof did not correspond to the indictment.

We find that the trial court's "acquittal" was actually a dismissal. The judge based his action on the government's failure to abide by rule 16, not on a factual determination regarding the charged offenses.

Our inquiry does not end here. We must still determine whether the double jeopardy clause bars retrial on these counts. This aspect of the case is governed by *Lee v. United States,* 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977). In *Lee* the defendant moved to dismiss a defective information after the prosecution's opening statement in a bench trial. The court tentatively denied the motion but granted it at the close of the government's evidence. The Supreme Court emphasized that the trial court terminated the proceedings in compliance with the defendant's motion to dismiss the defective information. The Supreme Court also observed that the prosecutor was simply negligent and that there was no prosecutorial overreaching. Consequently, the double jeopardy clause did not bar the defendant's retrial. *Lee,* 432 U.S. at 33–34, 97 S.Ct. at 2147. In *Oregon v. Kennedy,* 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982), the Supreme Court held that "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." *See also United States v. Green,* 636 F.2d 925, 928 (4th Cir.1980).

Here, as in *Lee,* the prosecutor was simply negligent. We find no evidence that the prosecutor's actions were intended to force Council to request a dismissal. Deference should be given to the trial court in determining whether such an intent existed. *Green,* 636 F.2d at 927. Although the trial judge made no findings of fact on this issue, his reinstatement of counts eight and twelve indicates that he perceived no such intent on the part of the prosecution.

### III

#### Counts Nine and Eleven

■ The court submitted counts nine and eleven to the jury. In discussing the proposed jury instructions, Council conceded that *United States v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), relieved the government of the necessity to prove that he knew the grenades and mine were unregistered. He maintained, however, and the government agreed, that the prosecutor had to prove that he knowingly possessed the firearms as charged in the indictment. Accordingly, without objection the court instructed the jury that the government had to prove that Council "knowingly possessed" the items mentioned in counts nine and eleven. The court explained "knowingly" as follows:

> I remind you that an act or failure to act is knowingly done if done voluntarily and intentionally and not because of mistake, accident or other innocent reason. The purpose of adding the word knowingly is to insure that no one would be convicted for an act done because of mistake or accident or other innocent reason.

Council's attorney emphasized in his closing argument to the jury that the critical issue in the case was whether Council knowingly possessed the items specified in the indictment.

Forty-five minutes after the jury began its deliberations, the foreman sent a note requesting the court to define "knowingly." The court repeated the definition contained in its charge. In about an hour, the foreman sent the following note to the court: "If the jury finds the defendant acted to protect the children and further feels the prosecution failed to prove the defendant didn't act in the best interest of the children, then did he act for innocent reason?"

After discussing with the attorneys an answer to the jury's question, the district court decided to recess until the next morning. The court expressed its concern that the jury was considering motive, which, the court reiterated, was irrelevant. The court thought a proper instruction should explain the issue of volition. The next morning the prosecutor urged the court to declare a mistrial. Council's attorney objected. Without answering the jury's question, the court declared a mistrial with respect to counts nine and eleven. The court justified its decision by saying it had erred in pre-

cluding Council from showing that children were present at the property from which Council removed the grenades and the mines. The court also stated that it thought "in fairness to both sides the case has not been developed and the court has precluded its development...."

The government indicated that it would reprosecute the case, and Council moved to dismiss the indictment on the ground of double jeopardy. In its order denying Council's motion, the court reiterated its concerns and said "the theory of the case was not in focus for either party, and, consequently, was not in focus for the court." It said that a proper defense was justification or necessity. The court added that if the defendant offered this defense on retrial, it would allow in rebuttal Council's statement that it had previously excluded because of the government's violation of rule 16. The court noted that since Council had learned of the statement at the first trial, he would no longer be surprised. Again the court stated that although Council objected, it granted the mistrial in fairness to both sides because it was manifestly necessary.

█ The Supreme Court has stated:

This Court, as well as most others, has taken the position that a defendant is placed in jeopardy once he is put to trial before a jury so that if the jury is discharged without his consent he cannot be tried again. This prevents a prosecutor or judge from subjecting a defendant to a second prosecution by discontinuing the trial when it appears that the jury might not convict. At the same time jeopardy is not regarded as having come to an end so as to bar a second trial in those cases where "unforeseeable circumstances arise during [the first] trial making its completion impossible, such as the failure of a jury to agree on a verdict."

*Green v. United States*, 355 U.S. 184, 188, 78 S.Ct. 221, 224, 2 L.Ed.2d 199 (1957) (brackets in original) (citations omitted). The authority of a trial judge to declare a mistrial is circumscribed by the requirement of "a manifest necessity for the act," and trial judges are admonished "to exer-

cise a sound discretion on the subject." *United States v. Perez*, 22 U.S. 579, 580, 9 Wheat. 579, 580, 6 L.Ed. 165 (1824). The burden is on the prosecution to demonstrate manifest necessity for a mistrial to which the defendant has objected. *Arizona v. Washington*, 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978). There must be a "high degree" of necessity to justify the mistrial. 434 U.S. at 506, 98 S.Ct. at 831.

█ Council objected to the mistrial, and the prosecution has failed to demonstrate manifest necessity. The case had been fully presented to the jury. While the court had excluded Council's evidence about the presence of children in the vicinity of the place where the firearms were stored, Council did not assert that this evidentiary ruling was fatally prejudicial. The government cannot complain about the instruction on knowing possession that prompted the jury's question, for it offered the substance of the instruction in a pretrial submission and at trial. The prosecutor did not object to the form in which the court expressed its submission.

Undoubtedly the jury was seriously considering the instruction about knowing possession. The court's and the prosecutor's disapproval of the question affords no ground for a mistrial. It is difficult to understand how the mistrial benefited Council, when the jury apparently was favorably considering his asserted reason for removing the grenades and mine.

Even when the trial judge acts in the interest of the defendant, a mistrial may be inappropriate. "Reprosecution after a mistrial has unnecessarily been declared by the trial court obviously subjects the defendant to the same personal strain and insecurity regardless of the motivation underlying the trial judge's action." *United States v. Jorn*, 400 U.S. 470, 483, 91 S.Ct. 547, 556, 27 L.Ed.2d 543 (1971). Justice Harlan, writing for the plurality, also stated:

[E]ven in circumstances where the problem reflects error on the part of one counsel or the other, the trial judge must still take care to assure himself that the situation warrants action on his part

foreclosing the defendant from a potentially favorable judgment by the tribunal. 400 U.S. at 486, 91 S.Ct. at 557. Consequently, we cannot accept the government's argument that the mistrial was proper merely because the trial court cited fairness to the defendant as a reason for its ruling.

In sum, we conclude that the government has failed to demonstrate manifest necessity for the mistrial.

## IV

Retrial on counts eight and twelve is not barred by the double jeopardy clause. Because retrying Council on counts nine and eleven would put him twice in jeopardy, we dismiss those counts. The case is remanded for further proceedings consistent with this opinion.

AFFIRMED (counts eight and twelve); REVERSED (counts nine and eleven).

HALL, Circuit Judge, concurring in part and dissenting in part:

Confronted with a material, prejudicial violation of Fed.R.Crim.Pr. 16, the district court struggled to find an appropriate remedy. The court was inclined to grant a mistrial on all counts, but was dissuaded from doing so by the government's concern (probably erroneous, and diametrically opposite its current position) that a mistrial at that juncture would have precluded retrial. Persuaded by the government that the Rule 16 violation tainted only Counts Eight and Twelve, the district court suggested that entry of a "judgment of acquittal" on those counts would be a just remedy under Rule 16, and trial on the remaining counts could proceed. The government, fearful of a total mistrial, seized the moment, and the prosecutor stated that the government could agree to "drop" those counts. Council's motion for judgment of acquittal on Counts Eight and Twelve was later formally granted, without a peep, let alone a protest, from the government, and notation of that judgment was entered on the court's docket. No appeal from that judgment was taken. Now, without objection, appeal, or even reindictment, the government seeks to try Robert Council on those two counts. Counts Eight and Twelve are

long dead; I dissent from their resurrection.

### I.

Fed.R.Crim.Pr. 16(d)(2) provides that, as a sanction for failures to comply with discovery requests or orders, the district court may enter any "order as it deems just under the circumstances." In an extreme case, this rule authorizes the district court to dismiss an indictment with prejudice, barring, as does an acquittal, further prosecution of the defendant on the charges. *United States v. Peveto*, 881 F.2d 844, 861–863 (10th Cir.), *cert. denied*, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989); *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir.1988); *United States v. Welborn*, 849 F.2d 980, 985 (5th Cir.1988); *cf. Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988). This may not have been such an extreme case; on the other hand, the issue is not before us. We have no power to correct an error of the district court, if error there were, without an appeal by the government:

> Unlike the typical mistrial, the granting of a motion such as this [dismissal for preindictment delay] obviously contemplates that the proceedings will terminate then and there in favor of the defendant. The prosecution, if it wishes to reinstate the proceedings in the face of such a ruling, ordinarily must seek reversal of the decision of the trial court.

*United States v. Scott*, 437 U.S. 82, 94, 98 S.Ct. 2187, 2195, 57 L.Ed.2d 65 (1978). In this case, the government invites us to make a dismissal out of Council's acquittal,[1] and cites several cases supposedly supporting its request. The problem with the government's—and the majority's—authorities is that they all involve the propriety of *appeals* by the government from "acquittals" or "dismissals." The issue faced by the courts in these cases is whether, if the court were to correct the error complained of by the government, double jeopardy would nonetheless bar retrial.

### II.

18 U.S.C. § 3731 permits the United States to appeal orders of the district court

---

**1.** Even if the "acquittal" is just a "dismissal,"    reinstitution of a dismissed count must entail

"dismissing an indictment or information ... as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution." The appeal must be taken within thirty days of the challenged order and must be "diligently prosecuted." *Id.*

For the bulk of our nation's history, the word "acquittal" carried such a magical quality that its utterance by a trial court, however glaringly erroneous, not only immunized the defendant from further prosecution, but also precluded the government from appealing the court's ruling. *E.g., Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 672 (1962). In 1971, the language of 18 U.S.C. § 3731 was broadened to generally permit government appeals in criminal cases, except where prohibited by the double jeopardy clause. In the late 1970s, the Supreme Court, in construing § 3731, removed the magic from the term "acquittal." It held that the only sort of "acquittal" that the government could not appeal was one in which

> the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.

*United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 1354 (1977) (*quoted in Scott,* 437 U.S. at 98, 98 S.Ct. at 2197.)

The cases relied on by the majority simply address this appealability question, and hold that the appealability of an "acquittal" (or a "dismissal" or "mistrial" for that matter) is not dependent on the label the trial judge affixes to its action. *United States v. Appawoo,* 553 F.2d 1242, 1245 (10th Cir.1977) ("the appeal of the Government does not violate the double jeopardy clause"); *United States v. Hospital Monteflores, Inc.,* 575 F.2d 332 (1st Cir.1978) (dismissing government appeal because trial court's "dismissal" rested on failure of government's proof, and was thus an "acquittal").[2]

### III.

If, instead of acquiescing, the government had kicked, screamed, and appealed the "acquittal" of Council, double jeopardy would not prohibit us from reviewing the propriety of such an extreme sanction. The cases cited by the majority could hardly be more on point for that proposition. They are no support, however, for the government's current attempt to ignore a valid judgment of the district court.

In *United States v. Huffman,* 595 F.2d 551 (10th Cir.1979), the defendant appealed his conviction, arguing that his earlier acquittal on a charge arising out of the same conduct barred his reprosecution. The government argued, among other things, that the acquittal was not an "acquittal" for double jeopardy purposes, and it relied on *Appawoo.* Though the Tenth Circuit eventually found that the second prosecution did not involve the "same offense" under the *Blockburger*[3] test, it rejected the government's reliance on *Appawoo* (595 F.2d 551 at 554):

> [I]n *Appawoo* the Government appealed the "judgment of acquittal" and obtained a reversal to lay a predicate for retrial, along with an appellate ruling that the constitutional holding of the trial court had been in error. Here, there was no appeal by the Government from the "judgment of acquittal." The judgment was not reversed as was the case in *Appawoo.* The first contention of the Government is thus untenable and we

more than the unilateral decision of the prosecutor. Without a new indictment, it seems to me that a "dismissed" count is as dead as an "acquitted" count. See *Lee v. United States,* 432 U.S. 23, 97 S.Ct. 2141 (1977) (defendant's prosecution under second indictment not barred by dismissal of first indictment for reasons unrelated to factual guilt or innocence).

**2.** In addition to the cases cited by the majority, see *United States v. Affinito,* 873 F.2d 1261, 1264 (9th Cir.1989) ("The government is not barred by the double jeopardy clause from appealing a judgment of acquittal ... where the trial court's ruling was unrelated to factual guilt or innocence"); *United States v. Torkington,* 874 F.2d 1441 (11th Cir.1989) (judgment of acquittal entered as sanction was appealable under 18 U.S.C. § 3731; *United States v. Lasater,* 535 F.2d 1041 (8th Cir.1976) ("acquittal" based on pretrial legal assessment of materiality of alleged false statements was appealable).

**3.** *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

must reckon with the effect of the "judgment of acquittal" on the subsequent prosecution....

I agree with this analysis, inasmuch as it comports with general principles of finality of judgments, *res judicata*, and the like. The government has the power to appeal an adverse judgment; if it fails to do so, it must "reckon with the effect" of it. The effect of Council's judgment—acquittal—absolutely bars prosecution on Counts Eight and Twelve.

### IV.

A final judgment of acquittal is on the books in favor of the defendant. Aside from this fundamental ground, there are other reasons why we should not permit Robert Council to be again tried on Counts Eight and Twelve. As a technical matter, even under the government's theory, those counts were dismissed, and there is no current indictment charging Council with those offenses. Moreover, the government's failure to object to the acquittal, combined with its affirmative agreement to "drop" the counts, constitutes a virtual stipulation that it would not seek to prosecute the charges further. Justice is not served by relieving the government of a promise it would have doubtless kept had the trial of the remaining counts not been later aborted.

I agree with the majority's analysis of the double jeopardy issue as it relates to Counts Nine and Eleven, and I join that portion of the opinion. However, I respectfully dissent from the majority's holding that Council may be tried on Counts Eight and Twelve.

### ORDER

Nov. 5, 1992.

In his petition for rehearing, Robert Council, Jr., asserted that the district court lacked jurisdiction to reinstate counts eight and twelve, conceding, however, that this aspect of the case was "neither factually nor legally presented to this Court when this matter was originally briefed and argued." The basis of Council's argument on this issue is that the government did not appeal from the entry of judgments of acquittal on these counts.

Because this argument was raised for the first time in the petition for rehearing, the court requested the parties to file supplemental briefs. In its supplemental brief the government concedes that "its failure to preserve an objection to the District Court's 'acquittal' of counts eight (8) and twelve (12) bars further prosecution of those charges."

Upon consideration of the petition for rehearing and the government's response and concession, rehearing having been granted by order of September 23, 1992, IT IS ADJUDGED AND ORDERED:

(1) Further prosecution of counts eight and twelve is barred;

(2) The court reiterates that prosecution on counts nine and eleven is barred by the Double Jeopardy Clause.

The case is remanded to the district court with instructions to dismiss the prosecution against Council on all counts.

Entered at the direction of Senior Judge Butzner, with the concurrence of Judge Hall and Judge Michael.