**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4221

FREDERICK CADE, III,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-98-389-PJM)

Submitted: January 27, 2000

Decided: February 23, 2000

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Daniel W. Stiller, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant. Lynne
A. Battaglia, United States Attorney, Jane F. Nathan, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Frederick Cade appeals the district court's order affirming the magistrate judge's denial of his motion to dismiss Count One of a criminal complaint charging him with assault. The assault charge stemmed from a traffic incident that occurred on the Baltimore-Washington Parkway, in an area controlled by the National Park Service. The Government originally charged Cade in a four-count criminal complaint with assault, in violation of 18 U.S.C. § 113(d), destruction of property, and two traffic offenses. Cade was tried before a magistrate judge,[1] and at the close of the Government's case, Cade moved to dismiss the assault charge in Count One because it charged him with violating a statute that no longer existed. The magistrate judge granted Cade's motion to dismiss, the trial continued on the remaining charges, and Cade was convicted of vandalism and negligent driving.

For reasons unrelated to this appeal, the magistrate judge granted Cade a new trial. Before the retrial, the Government filed a superseding criminal complaint charging Cade with two counts of assault based upon the same facts that supported the previously dismissed assault charge. The superseding complaint, however, cited the correct statute.[2] Cade filed a motion to dismiss the assault charge on the ground that reprosecution of the previously dismissed assault charge violated the Fifth Amendment's prohibition against double jeopardy.[3] The magistrate judge denied Cade's motion to dismiss, and Cade appealed the denial to the district court. The district court affirmed the magistrate judge's order. Cade then noted an interlocutory appeal to this court, alleging retrial of him on the assault charge violates double jeopardy. Finding no such error, we affirm.

_____

[1] Two magistrate judges are involved in this case. The original trial was before Magistrate Judge Day. The retrial is scheduled before Magistrate Judge Connelly, who denied Cade's motion to dismiss.

[2] Cade was also charged in the superseding complaint with vandalism and negligent driving.

[3] Cade also moved to dismiss the second assault charge on grounds of due process; this motion was granted and is not the subject of this appeal.

We review the district court's factual findings for clear error, and questions of law are reviewed de novo. See United States v. Cheek, 94 F.3d 136, 140 (4th Cir. 1996).

Cade alleges that the magistrate judge's dismissal of the assault charge for failure to allege an offense for which he could be convicted constituted an acquittal. While it is true that further prosecution of a charge after an acquittal is prohibited by the Double Jeopardy Clause, an acquittal occurs when "the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." United States v. Mackins, 32 F.3d 134, 137 (4th Cir. 1994) (quoting United States v. Scott, 437 U.S. 82, 97 (1978)). If a district court's judgment is based on something other than insufficiency of evidence, the "judgment constitutes a dismissal of the indictment, not an acquittal, and the government may appeal from that order," in which case a retrial is permitted. Id. at 138; see also United States v. Council, 973 F.2d 251, 253-54 (4th Cir. 1992).

The magistrate judge did not determine whether the Government presented sufficient evidence to convict Cade of assault. Instead, the magistrate judge found the Government charged Cade with violation of a statute that no longer existed and therefore Cade was not properly placed on notice as to which statute he was charged with violating. The magistrate judge then noted several reasons why the charge was insufficient to provide Cade notice, none of which involved a determination of the sufficiency of the evidence.[4]

Thus, the magistrate judge's dismissal of the assault charge was based upon the Government's failure to allege a crime for which Cade could be convicted, a ground unrelated to his factual guilt or inno-

_____

[4] The magistrate judge based his decision to dismiss the assault charge on the following: the complaint contained an incorrect statutory reference; the current assault statute allows the charge to be alleged under a variety of factual scenarios; because of the different forms of assault, there are different proof requirements; the facts of this particular case could support either form of a misdemeanor count under federal law; and the lack of an election between the different possible forms of assault that can be discerned by reviewing the complaint.

cence. See Scott, 437 U.S. at 98-99. Because the dismissal of the complaint was at Cade's request, because it was not based on a sufficiency of evidence determination, and because there is no allegation that the error in the complaint was motivated by bad faith or intended to provoke a motion to dismiss, retrial of Cade for assault does not violate the Double Jeopardy Clause. See United States v. Lee, 432 U.S. 23, 25 (1977).

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4