**UNITED STATES of America,**
**Appellant,**

v.

**SOUTHERN RAILWAY COMPANY,**
**Appellee.**

**No. 72–1794.**

United States Court of Appeals,
Fourth Circuit.

Argued June 4, 1973.

Decided Oct. 15. 1973.

Helen F. Hoyt, U. S. Bureau of Enforcement, I. C. C., Richard I. Chaifetz,

U. S. Dept. of Justice (Brian P. Gettings, U. S. Atty., John L. Murphy, Chief, Government Regulations Section, Crim. Div., U. S. Dept. of Justice, Bernard A. Gould, Director, Daniel M. O'Donoghue, Asst. Director, U. S. Bureau of Enforcement, I. C. C., on brief), for appellant.

H. Merrill Pasco, Richmond, Va. (Dennis P. Brumberg, Hunton, Williams, Gay & Gibson, Richmond, Va., Fred C. Alexander, Jr., and Boothe, Prichard & Dudley, Alexandria, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

The United States appeals from the dismissal of an information by which Southern Railway Company was charged with eight violations of the Elkins Act, 49 U.S.C. § 41(1), in wilfully failing strictly to observe its published tariffs. We dismiss the appeal on account of former jeopardy, and expressly do not reach or pass upon the merits of the decision of the district court.

On eight different occasions between November, 1968 and the end of August, 1969, the Southern Railway Company (Southern) received and shipped eight separate shipments of sponge rubber carpet for the General Tire and Rubber Company. Each shipment was made under Southern's tariff, called the Mixture Rule, which allowed General Tire to receive a lower freight rate than it otherwise would have qualified for under regular freight rates. Another Southern tariff required certain documentary verification to be supplied when shipments were made under the Mixture Rule.

The applicable tariff in this case provided that the ". . . shipper must attach manifest showing total weight of each article loaded in or on each trailer or execute the following certification on the bill of lading and shipping order:

"Shipper hereby states that the weight of any one article ( 1001 as separately listed in the index of UFC) in this consignment does not exceed:

(a) 23,100 pounds where rates apply on weight not exceeding 38,500 pounds;

24,000 pounds where rates apply on weight not exceeding 40,000 pounds;

42,000 pounds where rates apply on weight not exceeding 70,000 pounds;

46,200 pounds where rates apply on weight not exceeding 77,000 pounds;

(b) Sixty (60) percent of the actual weight of lading on each flat car."

On January 27, 1972, the United States filed the information which charged fifteen violations of the Elkins Act, 49 U.S.C. § 41(1). The first eight counts[1] charged Southern with eight separate violations of the Act in that it ". . . did wilfully fail strictly to observe its published tariffs for freight all kinds . . ." by allowing General Tire to make the above mentioned shipments under Southern's Mixture Rule without requiring General Tire to supply the appropriate documentary verification that the shipments qualified for the transportation rate charged under the applicable tariff. That is, the government charged that Southern had failed to require General Tire to attach a manifest or execute a certification with respect to these eight shipments as was required by Southern's own tariff.

On April 3, 1972, Southern filed a motion to dismiss claiming that the shipping orders contained the certification required by the tariff. It also, on this date, filed a notice that it would move the court to grant its motion to dismiss on April 7, 1972.

On April 7, 1972, the district court heard oral argument on Southern's motion to dismiss. At the hearing, Southern filed an amended motion to dismiss,

---

[1]. The remaining seven counts were dismissed without prejudice and are not a part of this appeal.

over the government's objection. The amended motion claimed that the certificate or manifest alleged to be absent in the eight shipments in question was actually contained in the shipping orders attached to those shipments.

During the hearing, the district court received, without objection, the eight shipping orders which accompanied the eight shipments in question and copies of the applicable tariff as defendant's exhibits one and two. The court also allowed each party to fully present its contentions to the court. At the conclusion of the hearing, the district court said: ·

"I think that the shipping order constitutes a manifest, and for that reason the motion of the Defendants insofar as Counts One through Eight will be dismissed."

(The court obviously referred to counts 1–8 of the information.)

The government then filed a motion asking the district court to reconsider its ruling on the motion to dismiss, which was denied by a memorandum opinion and order dated April 19, 1972. The court reaffirmed its decision of April 7, 1972, saying that the shipping orders attached to the shipments in question were a substantial, if not a literal, compliance with the tariff requirement of a manifest.

On appeal, the government contends the district court erred in holding that the shipping orders accompanying the eight shipments in question complied with the manifest requirement of the tariff. It takes the position, supported by authority, that a common carrier must strictly comply with its published tariffs and that Southern failed to do so in this case. However, as before mentioned, we do not reach this issue for we first consider Southern's contention that this court is without jurisdiction in this appeal because further prosecution would violate the double jeopardy clause of the United States Constitution.

The authority of the United States to appeal is under 18 U.S.C. § 3731, the relevant portion of which is:

"In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution."

Southern contends that the decision of the district court was actually an acquittal on the merits, and to allow it to be tried after the dismissal would amount to double jeopardy. The government answers that the district court's decision was not an acquittal, but merely a dismissal of the information, and that no jeopardy attached.

The Supreme Court has spoken recently on appeals by the government under 18 U.S.C. § 3731. In United States v. Brewster, 408 U.S. 501, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972), the government was allowed to appeal under § 3731 because the district court, relying only on the facts alleged in the indictment, dismissed the charges based on a determination that the statute on which the indictment was drawn was invalid under the Speech and Debate Clause of the Constitution. In discussing the issue of when the government can take an appeal under § 3731, the court said:

"Under [Sisson], an appeal does not lie from a decision that rests, not upon the sufficiency of the indictment alone, but upon extraneous facts. If an indictment is dismissed as a result of a stipulated fact or the showing of evidentiary facts outside the indictment, which facts would constitute a defense on the merits at trial, no appeal is available." 408 U.S. at 506, 92 S.Ct. at 2534.

In United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970), the court ordered dismissed an appeal by the government because the district court's action in granting defendant's motion in arrest of judgment after the jury had returned a verdict of

guilty was actually an acquittal on the merits. The opinion contains a history of § 3731 as it existed before the 1971 amendments, and in discussing the application of the statute to the case before it, the court said:

"As we have shown, what the District Court did in this case cannot be distinguished from a post-verdict acquittal entered on the ground that the Government did not present evidence sufficient to prove that Sisson was insincere. A primary concern of the bill [§ 3731] that emerged into law was that no appeal be taken by the Government from an acquittal no matter how erroneous the legal theory underlying the decision." 399 U.S. at 299, 90 S.Ct. at 2134.

■■ Although *Brewster* and *Sisson* were decided under § 3731 as it existed prior to the 1971 amendments, those cases are still instructive.[2] The purpose of the amendments was to eliminate technical distinctions in pleading that limited the government in taking an appeal. The intent was to authorize the government to appeal any decision or order terminating a prosecution except an acquittal. Conference Report, 1970 U.S.Code Cong. & Admin.News, p. 5848. Cf. United States v. DiStefano, 464 F.2d 845 (2nd Cir. 1972). We are of opinion that, under § 3731 as amended, and the facts presented here, the proper inquiry an appellate court should make, in determining whether or not it has jurisdiction to hear a criminal appeal by the government, is whether the district court's termination of the prosecution was actually an acquittal on the merits of the case. If it was, then no appeal may be taken by the government because jeopardy would have attached on account of the acquittal. United States v. Sisson, supra, at 289–290 of 399 U.S., 90

S.Ct. 2117; United States v. Ponto, 454 F.2d 657, 663 (7th Cir. 1971); United States v. King, 474 F.2d 87 (4th Cir. 1973); United States v. Findley, 439 F.2d 970, 973–974 (1st Cir. 1971).

Turning to the case before us, we note first that the double jeopardy clause of the Fifth Amendment has been applied to corporations as well as to natural persons. See Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962); United States v. Armco Steel Corporation, 252 F.Supp. 364, 368 (S.D. Cal.C.D.1966). Here the district court held a full hearing on the motion to dismiss and allowed Southern to file exhibits to support the motion. Although the motion to dismiss contains language that might be read as challenging the sufficiency of the information, the issue presented to the district court was whether or not the preparation and use of the shipping orders complied with the applicable tariff. This precise issue, which, for all practical purposes, was the only issue to be tried, was what the district court decided after considering the exhibits and hearing argument. It did not rule on the sufficiency of the information, and decided in the April 19, 1972 opinion and order that the exhibits filed as used constituted a legal defense to the charge.

■ With these facts in mind and having read the transcript of the hearing below, the Memorandum Opinion and Order of April 19, 1972, and the record on appeal, we are of opinion that the decision of the district court, dismissing counts one through eight of the information against Southern, was in reality a judgment of acquittal taking into account the merits of Southern's defense. Accordingly, we must dismiss the appeal for want of jurisdiction.

Appeal dismissed.

---

2. The applicable phrase in the pre-1971 statute was " . . . when the defendant has not been put in jeopardy." Thus, holdings in the cases decided under the previous statute with regard to double jeopardy are applicable here.

The 1971 amendments do not apply to any criminal case begun in any district court before January 2, 1971, the effective date of the amendments. 84 Stat. 1890.