**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Theodore Roosevelt PATRICK, Jr., aka
Ted Patrick, Defendant-Appellee.**

**No. 75–1127.**

United States Court of Appeals,
Ninth Circuit.

March 5, 1976.

This action came on for trial before the Court, Honorable Walter T. McGovern, United States District Judge, presiding, and the issues having been duly considered, and a decision having been duly rendered, finding defendant NOT GUILTY as charged in the Indictment,

It is Ordered and Adjudged, the Defendant is hereby acquitted.

The United States appeals. We conclude that the United States cannot appeal, and we therefore dismiss.

The Criminal Appeals Act, 18 U.S.C. § 3731, as amended in 1971, provides, in pertinent part:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

In *United States v. Wilson*, 1975, 420 U.S. 332, at 338–39, 95 S.Ct. 1013, at 1019, 43 L.Ed.2d 232, at 239, the Court construed the Act as follows:

These changes are consistent with the Senate Committee's desire to authorize appeals whenever constitutionally permissible, but they suggest that Congress decided to rely upon the courts to define the constitutional boundaries rather than to create a statutory scheme that might be in some respects narrower or broader than the Fifth Amendment would allow. In light of this background it seems inescapable that Congress was determined to avoid creating nonconstitutional bars to the Government's right to appeal. The District Court's order in this case is therefore appealable unless the appeal is barred by the Constitution.

*Accord: Serfass v. United States*, 1975, 420 U.S. 377, 387, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265, 273.

We therefore turn to the question whether "the double jeopardy clause . . .

Paul Friedman, Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellant.

Patrick M. Wall (argued), New York City, for defendant-appellee.

OPINION

Before BROWNING, DUNIWAY and KILKENNY, Circuit Judges.

DUNIWAY, Circuit Judge:

Patrick was indicted for kidnapping in violation of 18 U.S.C. § 1201. The trial court entered a judgment which recites:

prohibits further prosecution." (§ 3731, *supra*.)

Here is what happened in this case. Patrick was employed by the California parents of a young woman of 19, who had joined a religious sect and gone to live at its headquarters in the state of Washington, to forcibly remove her to California and "deprogram" her—*i. e.*, persuade or compel her to give up her belief in the tenets of the sect and return to her former beliefs and life. Patrick did what he was hired to do.

The case was set for trial on December 10, 1974. On December 2, the government filed its trial memorandum, in which it urged that the defense of necessity would not be available to Patrick in the case. In his reply memoranda Patrick's counsel stated that the elements of the offense defined in § 1201 were present, and that "No claim will be made that Patrick did not engage in the conduct attributed to him." Counsel then proceeded to urge that the defense of necessity was both appropriate and available. He defined the defense as that set out in the *Model Penal Code* § 3.02 (Tent. Draft No. 8, 1958):

Conduct which the actor believes to be necessary to avoid an evil to himself or to another is justifiable, provided that: (a) the evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged; and (b) neither the Code nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and (c) a legislative purpose to exclude the justification claimed does not otherwise plainly appear.

Patrick's second memorandum discusses the law and sets out in detail the evidence that counsel proposed to produce in support of the defense. The memorandum concludes:

[W]e submit that the defense we assert is a proper one, its merits in this particular case being a question for the jury under proper instructions, and that the type of evidence we have in part disclosed here is admissible in support of that defense.

The government, meanwhile, in a letter dated December 6, came up with a suggestion that "there is no reason for this case to involve an extended jury trial, and . . . the case can be disposed of almost as a matter of law by the court." The basis for the suggestion was that if the court ruled that the defense of necessity was not available there would be no case left to try because Patrick conceded the act and a finding of guilt could be entered, thus enabling Patrick to present the issue to this court on appeal. On the other hand, counsel said,

If the court rules that the mere belief of danger is a defense then there is no litigable issue for the United States would concede and stipulate that the victim's parents believed her to be in some sort of danger. Under those circumstances a finding of "not guilty" would be entered.

Some discussion between counsel and, by telephone, with the judge, ensued on December 9. Trial was reset for December 11. Obviously, it was agreed that government counsel's suggestion would be adopted in substance, although the discussions are not reported. When the case was called for trial on December 11, a written waiver of jury trial in due form, signed by Patrick and counsel and dated December 10, was presented and approved by the judge. He then called for argument.

Government counsel began as follows:

I believe Mr. Wall [Patrick's counsel] and I are in agreement that there are no factual disputes, that the dispute is essentially a legal dispute, the question of whether or not under the federal kidnapping law it is a crime or, rather, there is a defense of justification by necessity.

He then proceeded with a legal argument predicated upon the facts stated in the memoranda of Patrick's counsel.

Next, Patrick's counsel was heard. He began with the following statement.

The arrangement that has been made is that I am to give an offer of proof so that if Your Honor should rule on the question

of law against me, that offer would be a sufficient basis for any further review. What I would like to do, then, is to tell you in as brief a fashion as I can what we would have established, we believe, by uncontradicted and believable testimony. After a brief colloquy as to whether he should first argue the law, he was permitted to and did make his offer of proof which covers some 30 pages of the reporter's transcript and incorporates his 20 pages of memoranda, together with a number of exhibits. This was followed by an extensive argument on the law. In response, government counsel outlined rebuttal evidence that the government would offer. The defendant's exhibits were offered and received in evidence at the end of the arguments.

Finally, the court made the following ruling:

THE COURT: All right, it is indicated by both sides that the questions before the Court are as follows:

One, may a parent legally justify kidnapping an adult child upon necessity grounds here alleged.

My answer to that is in the affirmative, that there is such a common law defense and I so find.

The next question that I consider is stated by Mr. Schwartz [government counsel] in his letter to the Court of December 6, item No. 3:

Does the availability of the defense turn upon the parents' mere belief that a set of circumstances exist, or, rather, must it be demonstrated that the circumstances in fact exist?

My answer to that question is that the availability of the defense turns upon the parents' reasonable cause to, and that they do in fact have sufficient belief to consider that the child, Kathe Crampton, was in imminent danger.

The conclusion of the Court is, of course, that the parents did have such a belief, and, in fact, I think the government does, in fact, concede that point.

The next question is No. 2 in Mr. Schwartz's three-pronged questionnaire:

If a parent may avail himself of such a defense, is it available to an agent of the parent?

\*     \*     \*     \*     \*     \*

I might add that I do not find, I do not make a finding from the facts alleged by either side of their offers of proof as being true or not true.

For this purpose of my decision, it is totally unnecessary. I am speaking only in terms of the reasonable belief in the minds of Mr. and Mrs. Crampton. Where parents are, as here, of the reasonable and intelligent belief that they were alone not physically capable of recapturing their daughter from existing, imminent danger, then the defense of necessity transfers or transposes to the constituted agent, the person who acts upon their behalf under such conditions.

Here that agent is the Defendant.

So that there be no mistake, my ruling here today is based solely upon the facts presented to the Court in the offers of proof of the parties, including, but not being limited to, the government's concession that if the Court rules that the mere belief of danger is a defense—which I do hold—then there is no litigable issue, for the United States would concede and stipulate that the victim's parents believed her to be in some sort of danger.

The Clerk will make an entry of judgment of not guilty and the Defendant will stand discharged.

This is the basis for the judgment that was entered on the same day.

■ Prima facie, jeopardy has attached. The judgment recites that the case was tried and that the court found Patrick not guilty. Trial of the issue of guilt or innocence is the essence of "jeopardy." It attaches when "a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.'" *Serfass v. United States, supra,* 420 U.S. at 388, 95 S.Ct. at 1062, 43 L.Ed.2d at 275. A trial can be upon stipulated facts or upon documentary evidence; no witness need be sworn in order to have a trial. *United States v. Hill,* 9 Cir., 1972, 473 F.2d 759, 761.

■ On the other hand, many preliminary motions are heard by the judge in a criminal case, at which evidence is received and issues of fact are decided, without causing jeopardy to attach. *United States v. Hill, supra,* at 763. This is true even though the decision may profoundly affect the determination of guilt or innocence at the trial. Thus, for example, the granting of a motion to suppress may make acquittal virtually certain, while denial may make conviction equally certain. The principal legal question in this case could have been presented in just this way. Indeed, that is what the government set out to do. In its December 2, 1974, trial memorandum, the government asked the judge to rule, in advance, that the defense of necessity was not applicable, and to order that evidence in support of the defense would be excluded. In his first reply memorandum, defense counsel made the same request for an advance ruling, although he wanted a contrary result.

Then, however, in his December 6 letter, government counsel suggested an alternative procedure under which, if the court ruled that the defense was not available, "The defendant having conceded the act, . . . there would be no case left to try. A finding of guilt would be entered and . . . [this] would permit presentation of the same issue to the court of appeals in a speedy and almost academically pure manner."

Obviously, this did not mean that Patrick would plead guilty; he would then not have been in a position to raise the question of the availability of his defense on appeal. *See Tollett v. Henderson,* 1973, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235. What was contemplated was that, in lieu of requiring the government to prove that Patrick engaged in the conduct attributed to him, Patrick would admit that he did, and the court on that basis would find him guilty. Surely that would be to put Patrick to trial before the trier of fact, the judge. Surely Patrick would have been in jeopardy.

■ As it happened, the case did not proceed to such a conviction. Instead, and based upon Patrick's offer of proof and the government's admission, both in its memorandum and at the hearing, that the young woman's parents did believe her to be in danger, the court ruled that the proffered defense was available, that the proffered facts supported it, and that Patrick was not guilty. This is just what the government suggested that the judge do. The judge, to decide that Patrick was not guilty, had to weigh the proffered and admitted facts to determine whether they made out the proffered defense. Surely Patrick was put to trial before the trier of fact, the judge. Surely he was in jeopardy.

The next question is whether, if the government were to succeed in this appeal, the result would be to put Patrick in jeopardy a second time. Because the Fifth Amendment provides "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb," our conclusion that Patrick has been once in jeopardy " 'begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial.' " *Serfass v. United States, supra,* 420 U.S. at 390, 95 S.Ct. at 1064, 43 L.Ed.2d at 275, *quoting Illinois v. Somerville,* 1973, 410 U.S. 458, 467, 93 S.Ct. 1066, 1072, 35 L.Ed.2d 425, 432.

In the case at bar, we see no escape from the conclusion that, if we were to reverse the judgment, Patrick would have to be tried again, and thus twice put in jeopardy in violation of the Fifth Amendment. We think that the decision in *United States v. Jenkins,* 1975, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250, requires the conclusion that we reach. There, as here, when the case proceeded to trial, the defendant waived trial to a jury and the case was tried to the court. There, as here, the court determined that a proffered defense, first tendered in a pre-trial motion, was available and was, on the record before it, applicable. There the court ordered the indictment dismissed and the defendant discharged. Here, the court found the defendant not guilty, ordered that the defendant be discharged, and en-

tered a judgment of acquittal. There, as here, there was no general finding of guilty that could be reinstated after reversal of a subsequent decision dismissing the indictment, as there was in *United States v. Wilson, supra,* nor was there the granting of a pre-trial motion to dismiss, in a case in which there had been no waiver of jury trial, as in *Serfass v. United States, supra.* Nor was there the granting of a pre-trial motion, made after a waiver of jury trial, but before the trial began, as in *United States v. Choate,* 9 Cir., 1975, 527 F.2d 748 (1975). The court did not reach the issue of guilt or innocence in *Choate;* here it did.

In our case, the evidence of guilt was stated only in the offer of proof and the memoranda of Patrick's counsel. We do not think that the court could have found Patrick guilty, had it rejected the defense, unless it had before it an express stipulation or admission of the facts, by Patrick himself, or else evidence of guilt offered by the government. We doubt that Patrick's counsel could stipulate to all the facts needed to find him guilty without his express consent. *Cf. United States v. Terrack,* 9 Cir., 1975, 515 F.2d 558, 560; *United States v. Garcia,* 9 Cir., 1971, 450 F.2d 287. But it is clear that it was contemplated that some such stipulation or admission would have been made if the court had ruled against the defense. That was never done, but only because that stage of the trial was never reached.

Thus it is clear that, if we were to reverse, "further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged, would . . . [be] required upon . . . remand. . . . The trial, which could have resulted in a judgment of conviction, has long since terminated in [Patrick's] favor. To subject him to any further such proceedings at this stage would violate the Double Jeopardy Clause." *United States v. Jenkins, supra,* 420 U.S. at 370, 95 S.Ct. at 1013, 43 L.Ed.2d at 259.

Because we hold that the judgment is not appealable, we do not pass upon the question whether the defense of necessity was properly found to be applicable in this case. The judgment not being appealable, that question is not before us.

While this appeal was pending, Patrick moved to dismiss the appeal, on the grounds on which we now hold that the appeal must be dismissed. A motions panel denied that motion. That decision, however, was interlocutory, not final, just as the denial of a motion to dismiss in the trial court is interlocutory, not final, and we can and do reconsider it.

The appeal is dismissed.