No. 83–6673. RODRIGUES *v.* HAWAII. Appeal from Sup. Ct. Haw. dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

There are two facts of consequence in this case: first, at the time the case arose, Hawaii permitted the issue of insanity to be tried by a judge prior to the empaneling of a jury, and second, the defendant, who availed himself of this procedure, was acquitted. These facts raise an issue of substantial importance: may the State, consistent with the Double Jeopardy Clause of the Fifth Amendment, made applicable to the States by the Fourteenth Amendment, appeal an acquittal based upon insanity entered prior to the empaneling of a jury.

I

Rodrigo Rodrigues, a 23-year-old Marine, was indicted on three counts of sodomy and one count of rape. Prior to the empaneling of a jury, Rodrigues' attorney raised the defense of mental disease. Pursuant to Haw. Rev. Stat. § 704–408 (1976), the trial court suspended preliminary proceedings, appointed a panel of three psychiatrists to examine the defendant, and proceeded to try the issue of insanity.[1] Over the course of 10 days, both the

---

[1] Hawaii Rev. Stat. § 704–408 (1976): "Determination of irresponsibility. If the report of the examiners filed pursuant to section 704–404 states that the defendant at the time of the conduct alleged suffered from a physical or mental disease, disorder, or defect which substantially impaired his capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law, and the court, after a hearing if a hearing is requested, is satisfied that such impairment was sufficient to exclude responsibility, the court, on motion of the defendant, shall enter judgment of acquittal on the

defendant and the State adduced extensive testimony as to the defendant's sanity. Five experts, two of whom served on the panel appointed by the court, testified that the defendant was afflicted with multiple-personality syndrome, a dissociative disorder in which an individual's personality separates into complicated and autonomous subpersonalities. The judge concluded that the defendant was insane and entered an acquittal. The State appealed. The Supreme Court of Hawaii, in a divided opinion, reversed and remanded on the ground that the trial court erred in weighing the evidence as to insanity.[2]

## II

This Court has repeatedly stated that a fundamental purpose of the Double Jeopardy Clause is to protect acquittals based upon the resolution of the *factual* elements of an offense.[3]

> "An acquittal is accorded special weight. 'The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal,' for the 'public interest in the finality of criminal judgments is so strong that an acquitted defendant may not be retried even though 'the acquittal was based upon an egregiously erroneous foundation.' See *Fong Foo* v. *United States*, 369 U. S. 141, 143. If the innocence of the accused has been confirmed by a final judgment, the Constitution conclusively presumes that a second trial would be unfair. *Arizona* v. *Washington*, 434 U. S., at 503. The law 'attaches particular significance to an acquittal.' *United States* v. *Scott*, 437 U. S., at 91."[4]

The Court has also stated that because an acquittal based upon a finding of insanity constitutes such a resolution, it may not be appealed.[5] The rationale behind the principle according acquittals

---

ground of physical or mental disease, disorder, or defect excluding responsibility." This section was amended in 1980. Given the frequency with which the issue in this case arises and the existing conflict between the Courts of Appeals (see *infra*, at 1081), the amendment of the section is of no bearing on the decision to grant the petition for certiorari.

[2] 67 Haw. 70, 78–79, 679 P. 2d 615, 621 (1984).

[3] *United States* v. *DiFrancesco*, 449 U. S. 117, 129–130 (1980); *United States v. Scott*, 437 U. S. 82, 97 (1978); *Burks* v. *United States*, 437 U. S. 1, 16 (1978); *United States* v. *Martin Linen Supply Co.*, 430 U. S. 564, 571 (1977).

[4] *United States* v. *DiFrancesco, supra*, at 129.

[5] *United States* v. *Scott, supra*, at 97–98.

special weight is that an appeal or retrial following an acquittal would produce "an unacceptably high risk that the Government, with its superior resources, would wear down a defendant, thereby 'enhancing the possibility that even though innocent he may be found guilty.'"[6]

The question presented is whether these principles apply with equal force to the period prior to the formal commencement of a trial. In other words, does jeopardy attach if the judge has tried an element of the crime prior to the empaneling of a jury?

Conceding that in this case the judge sat as a "trier of fact" on the issue of insanity, the Supreme Court of Hawaii nonetheless held that jeopardy had not attached at the time of the acquittal.[7] The court relied upon *Serfass* v. *United States*, 420 U. S. 377 (1975), in holding that the Double Jeopardy Clause is irrelevant to those acquittals issued prior to the empaneling of a jury or the calling of the first witness.

The court's reliance upon *Serfass* is misplaced. The indictment in *Serfass* was dismissed for reasons wholly unrelated to a resolution of the factual elements of the crime. The defendant, who had been refused status as a conscientious objector, was subsequently indicted for failure to report for or submit to induction.[8] Prior to trial, the defendant moved to dismiss on the ground that the Government had inadequately set forth its reasons for initially refusing his request for classification as a conscientious objector. The District Court agreed, and the case was dismissed for the Government's failure to provide due process, not because the indictment was defective nor because the defendant was tried and found innocent as to the elements of the crime.

The issue in the instant case—an issue neither discussed nor addressed in *Serfass*—is whether jeopardy attaches to an acquittal based upon a resolution of a *factual* element of the crime that occurred prior to the empaneling of a jury or the calling of the first witness. The principles summarized in the above quotation from *DiFrancesco* strongly suggest that jeopardy does attach to such acquittals and that it is of no consequence that the defendant's acquittal occurred before the formal commencement of trial. The question posed by this case has engendered division amongst

---

[6] *United States* v. *DiFrancesco, supra*, at 130.
[7] 67 *Haw.*, at 79, 679 P. 2d, at 621.
[8] *Serfass* v. *United States*, 420 U. S., at 379.

the commentators[9] as well as a conflict among the Courts of Appeals.[10]  Because we have not addressed the question and because it is of some importance, I believe that plenary consideration is appropriate.

I therefore dissent from the denial of the petition for certiorari.

---

[9] Compare 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3919, p. 673 (1976) (stating that jeopardy attaches); Comment, Double Jeopardy and Government Appeals of Criminal Dismissals, 52 Texas L. Rev. 303, 337–338 (1974) (same), with 1 W. LaFave & J. Israel, Criminal Procedure § 24.3, pp. 82–83 (1984) (stating that jeopardy does not attach); Caruso, Double Jeopardy and Government Appeals in Criminal Cases, 12 Colum. J. L. & Soc. Prob. 295, 325–328 (1976) (same).

[10] Compare United States v. Patrick, 532 F. 2d 142, 145–147 (CA9 1976) (holding that jeopardy attaches); United States v. Southern R. Co., 485 F. 2d 309, 312 (CA4 1973) (same); United States v. Hill, 473 F. 2d 759, 761–763 (CA9 1972) (same); United States v. Oppenheimer, 242 U. S. 85, 87–88 (1916) (same), with United States v. Pecora, 484 F. 2d 1289, 1293–1294 (CA3 1973) (holding that jeopardy does not attach).