DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the decision of the Hocking County Court of Common Pleas, Juvenile Division, which granted visitation rights to the Plaintiffs-Appellees Harold and Janet Ford, the maternal grandparents of Sydney Marie Frazier.
 {¶ 2} Defendant-Appellant Dale Frazier, Sydney's father, argues that the trial court did not afford his determination of his daughter's best interest the requisite special weight and that the visitation order violated his due process right to make decisions concerning the care, custody, and control of his minor child. We find appellant's argument has merit. Therefore, the judgment of the trial court is reversed and remanded for proceedings in accordance with this opinion.
 I. Proceedings Below {¶ 1} Defendant-Appellant Dale Frazier and his significant other, Brenda Stover, lived together but never married. They were rearing Ms. Stover's daughter from a previous relationship, Adrian, when, on March 2, 2000, Ms. Stover gave birth to their daughter, Sydney Marie Frazier. Ms. Stover tragically died just nine days later.
 {¶ 2} Following her mother's death, Adrian took up residence with, and was in the custody of, Ms. Stover's sister, Connie Garrett. Sydney, however, remained in appellant's custody. Plaintiff-Appellees, Harold and Janet Ford, Ms. Stover's parents, attempted to gain custody of Sydney by filing a complaint for custody in the Hocking County Juvenile Court. They alleged that appellant cut off their visits with Sydney, would not answer their phone calls, and blocked any attempt they made to see her.
 {¶ 3} Stephen Proctor was appointed as guardian ad litem in the case. He filed a report on September 21, 2000, declaring that there was "nothing to indicate" that Sydney was not being properly cared for, nor to suggest that custody should be taken away from appellant. The guardian ad litem also reported that strong animosity existed between appellant and appellees, especially Mr. Ford, the grandfather.
 {¶ 4} Thereafter, appellees dismissed their complaint for custody and instead filed an "Amended Motion for Grandparent Visitation and Visitation Between Siblings." The appellees filed this motion pursuant to R.C. 3109.11 which provides parents and other relatives of a deceased father or mother the right to file a complaint for reasonable visitation or companionship with the children who survived the deceased parent. See R.C. 3109.11, infra.
 {¶ 5} On June 29, 2001, this motion came on for a hearing before the magistrate of the Hocking County Juvenile Court. There, appellant testified that he did not object to visitation altogether but insisted that visitation occur within his presence and during the times he prescribed. On November 27, 2001, the magistrate granted certain visitation and companionship with Sydney to appellees and Adrian, her half sister. The magistrate's order called for the following visitation schedule: visits to be held on the second Saturday of every month, from 10:00 a.m. to 6:00 p.m., as well as the fourth Saturday of every month, from 10:00 a.m. to 12:30 p.m. Visitation was also granted on December 26th of each year, from 10:00 a.m. to 6:00 p.m. A provision in the magistrate's order also provided that once Sydney reached the age of four years she may have overnight visitation during the second weekend of every month.
 {¶ 6} The magistrate's decision was motivated partly by the recommendation of the guardian ad litem who felt that visitation was in Sydney's best interest. Furthermore, the decision made clear that the magistrate considered all of the "best interest" factors listed in R.C.3109.051(D) in deciding what was in Sydney's best interest.
 {¶ 7} Appellant filed written objections to the magistrate's decision. Those objections were similar to the errors he has assigned for our review. On February 20, 2002, the Hocking County Juvenile Court heard appellant's objections but overruled them and adopted the magistrate's order. Specifically, the trial court's judgment entry found that the magistrate's proposed orders related each of the factors found in R.C.3109.051(D) to the facts of the case. Moreover, the trial court held that no one factor was "elevated by the language of the statute above the others for consideration, specifically item 15 of said section."[1]
 II. The Appeal {¶ 8} Appellant timely filed this appeal, raising two assignments o f error.
 {¶ 9} First Assignment of Error: "Visitation violates parents [sic] due process rights."
 {¶ 10} Second Assignment of Error: "The criteria set forth in3109.051(D) were applied erroneously."
 {¶ 11} Appellant's assignments of error have a common basis in law and fact. Therefore, we will consider them conjointly.
 A.Ohio's Non-Parental Visitation Laws {¶ 12} Decisions regarding visitation are within the sound discretion of the trial court. Therefore, only upon showing of an abuse of discretion will a reviewing court disturb such a decision. See Boothv. Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. The term "abuse of discretion" has been defined by the Supreme Court of Ohio as "more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157-158, 404 N.E.2d 144.
 {¶ 13} In Ohio, grandparents may file a complaint for visitation with their grandchildren after the occurrence of a disruptive or precipitating event. See In re Whitaker (1988), 36 Ohio St.3d 213, 215,522 N.E.2d 563. One such disruptive event contemplated by the legislature concerns the death of either the father or mother of the minor child. R.C. 3109.11 states:
 {¶ 14} "If either the father or mother of an unmarried minor child is deceased, the court of common pleas * * * may grant the parents and other relatives of the deceased father or mother reasonable companionship or visitation rights * * * if the parent or other relative files a complaint requesting reasonable companionship or visitation rights and if the court determines that the granting of the companionship or visitation rights is in the best interest of the minor child. In determining whether to grant any person reasonable companionship or visitation rights with respect to any child, the court shall consider all relevant factors, including, but not limited to, the factors set forth in division (D) of section 3109.051 of the Revised Code. * * *" R.C. 3109.11.
 {¶ 15} Clearly, a court may not grant visitation to grandparents or other relatives unless it is in the best interest of the child. Some courts have held that visitation with grandparents is in a child's best interest. See In re Griffiths (1975), 47 Ohio App.2d 238, 241,353 N.E.2d 884; Holley v. Higgins (1993), 86 Ohio App.3d 240, 245,620 N.E.2d 251. However, in order to accurately assess what, in fact, is in the child's best interest, courts are directed to consider "all relevant factors" as well as those listed in R.C. 3109.051(D).
 {¶ 16} In order to guide the court's determination of the child's best interest, the legislature enumerated sixteen "best interest" factors at R.C. 3109.051(D). The first fourteen factors contemplate things such as the geographical distance between the parent and grandparents, the child's age, the child's adjustment to school, the child's wishes, the health and safety of the child, the amount of time available to spend with siblings, the willingness to cooperate with the other party involved, whether either of the parties has been convicted of a criminal offense against a child, and whether either party plans to establish residence outside of Ohio. See R.C. 3109.051(D)(2-14).
 {¶ 17} Although both the magistrate and trial court clearly stated that they considered these "best interest" factors, the relevant issue in this appeal involves the factor at R.C. 3109.051(D)(15). The appellant argues that the trial court ignored this factor completely. Therefore, our inquiry will consider whether the trial court properly weighed this factor when it determined that visitation was in Sydney's best interest. R.C. 3109.051(D)(15) states:
 {¶ 18} "In relation to requested companionship or visitation by a person other than a parent, the wishes and concerns of the child'sparents, as expressed by them to the court." R.C. 3109.051(D)(15). (Emphasis added.)
 {¶ 19} Prior to the United States Supreme Court decision in Troxelv. Granville (2000), 530 U.S. 57, 120 S.Ct. 2054, the parent's wishes and concerns would have been afforded equal weight with the other "best interest" factors. However, Troxel has tipped the scale in favor of parental rights and modified the weight courts must afford to the parent's wishes in these matters.
 B.The United States Supreme Court Decision in Troxel v. Granville {¶ 20} The United States Supreme Court held in Troxel that the Due Process Clause of the Fourteenth Amendment of the United States Constitution includes a substantive component that provides certain fundamental rights, such as a parent's fundamental right to make decisions regarding the care, custody, and control of their minor children, "heightened protection" from governmental interference. Troxelv. Granville, 530 U.S. at 65, 120 S.Ct. 2054.
 {¶ 21} Moreover, the Troxel Court reaffirmed the presumption that a fit parent will act in the best interest of their child. Troxel, supra. See, also, Parham v. J.R. (1979), 442 U.S. 584, 602,99 S.Ct. 2493. Therefore, courts are required to give greater deference to the parent's decisions regarding the care, custody, and control of their child. See Troxel v. Granville, 530 U.S. at 68-69, 120 S.Ct. 2054. Thus, assuming the parent is "fit," that parent will not be required to rebut the flawed presumption that visitation with grandparents is in the child's best interest or that the decision of what is in the child's best interest rests solely in the court's discretion. Rather, the court is required to presume that the parent's decisions regarding who the child associates with are in the child's best interest. Otherwise, the parent's fundamental right will be encumbered. Troxel, supra.
 {¶ 22} The United States Supreme Court further held in Troxel that if the fit parent's decisions concerning the care, custody, and control of the child become subject to judicial review, the court is to bestow "special weight" on those parental decisions. Troxel v. Granville,530 U.S. at 69-70, 120 S.Ct. 2054. Therefore, before infringing on this fundamental parental right by granting visitation to grandparents or other relatives, due process requires that courts accord "special weight" to what the parent wishes for the child.
 C.Application and Analysis {¶ 23} Appellant argues that the trial court applied the factors in R.C. 3109.051(D) erroneously, thereby violating his fundamental parental right of the care, custody, and control of his daughter, Sydney. The fact that the trial court applied the "best interest" factors in R.C. 3109.051 to determine what was in Sydney's best interest is not, itself, erroneous. However, in its February 28, 2002 Entry on Objection to Proposed Orders of the Magistrate, the trial court held that "[n]othing is stated or condition imposed by [R.C. 3109.051(D)] that the surviving parent's desires regarding the minor child [sic] companionship with grandparents or relatives is decisive or the sole consideration in determining best interest of the minor child. * * * The determination of best interest is determined by the court by relating the facts of the case to those elements of O.R.C. 3109.051(D)(1-16) and (C)(K)(L) and all relevant factors. * * * Further, the Court does not find any one of the16 factors enumerated in O.R.C. 3109.051(D) is elevated by the languageof the statute above the others for consideration, specifically item 15of said section." (Emphasis added.)
 {¶ 24} It is this finding that is erroneous. Applying Troxel, the trial court must begin with the presumption that a fit parent will act in the best interest of the child. The record indicates that appellant is a fit parent. In fact, the testimony and report of the guardian ad litem, as well as appellees' own testimony, reiterates this fact. Therefore, the appellant is not required to prove that visitation is not in Sydney's best interest. Rather, the appellees must prove that such visitation is in the child's best interest.
 {¶ 25} Furthermore, although the "language of the statute" does not elevate any one of the factors above the others, Troxel makes it clear that factor 15 of R.C. 3109.051(D), the wishes and concerns of the parent, are to be accorded "special weight." Troxel v. Granville,530 U.S. at 69-70, 120 S.Ct. 2054. In its judgment entry, the trial court clearly stated that it was not "elevating" appellant's wishes above any of the other factors for consideration. Therefore, it is not in dispute that the trial court ignored the "special weight" mandate set forth inTroxel.
 {¶ 26} While we, following the example of the Troxel Court, decline to define "special weight," the United States Supreme Court has indicated that "special weight" is analogous to extreme deference. SeeOliver v. Feldner, 7th Dist. No. CA-290, 2002-Ohio-3209 at ¶ 59, citing Rodrigues v. Hawaii (1984), 469 U.S. 1078, 1080, 105 S.Ct. 580;Guardians Assn. v. Civil Service Comm. (1983), 463 U.S. 582, 621,103 S.Ct. 3221; Comstock v. Group of Institutional Investors (1948),335 U.S. 211, 230, 68 S.Ct. 1454. Therefore, the trial court must afford appellant's wishes "special weight," otherwise, any visitation imposed will violate his fundamental due process right as a parent to direct the upbringing of his child as he sees fit.
 III.Conclusion {¶ 27} Because the trial court did not accord "special weight" to appellant's wishes concerning the care, custody, and control of his daughter, Sydney, as required by Troxel, appellant's First and Second Assignments of Error are found to have merit. The judgment of the trial court is reversed and remanded for further proceedings in accordance with the applicable law and consistent with this opinion.
Judgment reversed and remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellees.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the HOCKING COUNTY COMMON PLEAS COURT, JUVENILE DIVISION, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment Only.
[1] As will be seen, in deciding the best interest of the child, factor 15 at R.C. 3109.051(D)(15) states "[i]n relation to requested companionship or visitation by a person other than a parent, the wishes and concerns of the child's parents, as expressed by them to the court."